**BRAY v. PECK.**
No. 13332.

United States Court of Appeals
Ninth Circuit.
Nov. 19, 1953.

Bent & Clapp, Los Angeles, Cal., for appellant.

Perry Bertram, Los Angeles, Cal., for appellee.

Before STEPHENS, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

On August 6, 1951, we rendered an opinion on a previous appeal involving the same parties and subject matter in which the facts, the law and the applicable regulations involved are fully discussed and need not be repeated here. Bray v. Peck, 9 Cir., 1951, 190 F.2d 998. Our consideration of the previous appeal left us with the conclusion that we should remand the cause to the trial court for a determination as to whether the housing accommodation in question was, on June 30, 1947, the critical date, commonly known as a hotel. We directed the attention of the trial court to the fact that although it is not necessary to show that hotel services were supplied, it must be shown in order to warrant decontrol that at least the three basic services, namely, maid service, furnishing and laundering of linens, and upkeep of furniture and fixtures, were available or would have been made available on the critical date if the tenant had requested them. Thus the question required to be determined by the trial court on remand was one of fact.

After further hearing, the trial court found that the housing accommodation here involved was commonly known as a hotel before, on and after June 30, 1947; that prior to, on and after June 30, 1947,

customary hotel services were provided or were available to the occupants of all of the accommodations in said premises. The trial court concluded that the premises were not controlled housing accommodations and not subject to the maximum rent laws. Our consideration of issues now before us is limited to the question of whether or not the findings of the trial court are clearly erroneous.

We think that there is sufficient evidence in the record to sustain the finding that the premises in question were commonly known as a hotel as of June 30, 1947. Prior to June 30, 1947, the telephone on the premises was listed in the name "Rilla Hotel." As of November, 1946, the premises were registered with the Office of Price Administration as the "Rilla Hotel." The building was classified for insurance purposes as a hotel. Witness Chambers testified that all the persons who came to the "Rilla Hotel" were told that it was a hotel. Moreover, witness Mrs. McDonald testified that she knew the place as a hotel and that it was so known in the community. Viewing the evidence upon which the trial court evidently relied in making its findings, we think it sustains the judgment and the findings are not clearly erroneous.

Appellant's contention that the premises are not a hotel under local ordinances because some of the rooms contain cooking facilities is without merit. Congress provided its own definition of what constitutes a hotel within the meaning of the Rent Control Act, 50 U.S. C.A.Appendix, § 1881 et seq., and the presence of cooking facilities in some of the rooms does not of itself remove the premises from the status of a hotel.

Woods v. Western Holding Corp., 8 Cir., 1949, 173 F.2d 655.

Appellant further argues that the premises, as a matter of law, could not have been a hotel prior to June 30, 1947, within the meaning of the Act because the status of the premises could not be changed from a rooming house to a hotel without the consent of the tenants residing therein. Appellant did not lease the premises until May 21, 1948 and clearly she was not a tenant at the time of the change made prior to June 30, 1947. Even if it be assumed that the change impaired substantial rights of the tenants, none of the tenants have complained and we are unable to see how appellant was in any way injured or has any standing to assert alleged rights of persons who were tenants at the time of the change.

Finally appellant argues that the trial court's finding with regard to the sale of certain furniture is contrary to the law of the case established by our prior decision in Bray v. Peck, 9 Cir., 1951, 190 F.2d 998. We do not read that decision to be contrary to the finding that the purchase of the furniture by appellant from appellee was not an evasion and violation of the Rent Control Act as amended or regulations of the Housing Expediter. We said that a sale of furniture at an excessive price may not be employed as a means to conceal a rent increase in excess of the lawful rent. However, we also said in effect that the cause before us was not such a case. We append as note 1 the pertinent statement in the prior opinion.

Judgment affirmed.

1. "The learned District Judge states, 'The defendant did not require the plaintiff to purchase * * * (the) furniture as a condition of renting or leasing the * * * premises * * * (T)he plaintiff offered to purchase * * * (the furniture) on the * * * terms (stated) and defendant accepted plaintiff's offer.' See Finding of Fact No. 8. The first statement quoted finds support in the record if it be construed to mean, as we do construe it, that the plaintiff purchased the furniture as part of a going business or leasehold for which the sum of $7,000 was paid. Since the finding may be said to effect substantial justice we would accept it were it not for the necessity of remand on other grounds. * * *" Bray v. Peck, 9 Cir., 1951, 190 F.2d 998, 1000 note 6.